UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARY E. BROWN,

        Plaintiff,

Case No. 1:05-CV-837

v.

Hon. Richard Alan Enslen

ADVANCED REALTY SYSTEMS
LLC, *et al.*,

**ORDER**

        Defendants.
_____/

This matter is before the Court on Plaintiff Mary E. Brown's Motion for Entry of Default Judgment against Defendant American Residential Funding, Inc. In support of the Motion, Plaintiff has filed the Affidavit of Mary E. Brown as well as documentary evidence supporting a finding of liability and an assessment of damages. Oral argument is unnecessary.

Plaintiff has sued Defendant American Residential Funding, Inc. on seven legal theories[1] and has alleged joint and several liability against American Residential Funding, Inc. and the other named Defendants as to all legal claims. (Compl. ¶ 71.). The liability arises from a disguised real estate lease transaction which was, in fact, a mortgage transaction which did not comply with federal and state laws regulating residential mortgage transactions. The Affidavit of Mary E. Brown sufficiently establishes facts supporting liability on the various theories alleged.

---

[1] Count 1, violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; Count 2, violation of the Credit Repair Organizations Act, 15 U.S.C. § 1679(b); Count 3, violation of the Michigan Credit Services Protection Act, Mich. Comp. Laws § 445.1821 *et seq.*; Count 4, violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.*; Count 5, violation of the Michigan Mortgage Brokers, Lenders and Servicers Act, Mich. Comp. Laws § 1651 *et seq.*; Count 6, violation of Michigan's usury statute, Mich. Comp. Laws § 438.31 *et seq.*; and Count 7, common law negligence.

Nevertheless, the Court cannot now enter default judgment against the defaulting Defendant due to the joint and several liability allegations asserted. This was explained by the United States Supreme Court in *Frow v. Del La Vega*, 82 U.S. 552, 554 (1872), *i.e.,* a contrary rule would expose the law to incongruous judgments as to joint and several liabilities. This rule has been followed in this Circuit given the strength of the Supreme Court's reasoning. *See Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1988 WL 93305, *3 (6th Cir. 1988) (unpublished decision).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Mary E. Brown's Motion for Default Judgment against American Residential Funding, Inc. (Dkt. No. 23) is **DENIED** without prejudice, pending the trial or other resolution of claims against the non-defaulting Defendants.

DATED in Kalamazoo, MI:
June 12, 2006

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE